IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JARELL R. WALKER, | ) | CASE NO. 1:17CV01640 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| LYNEAL WAINWRIGHT, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2.  Before the Court is the Petition of Jarell R. Walker ("Walker" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Walker is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Walker*, Crawford County Court of Common Pleas Case No. 14 CR 0206.

Also pending is Walker's Motion for Summary Judgment.  (Doc. No. 8.)

For the following reasons, the undersigned recommends the Petition be DISMISSED and Walker's Motion for Summary Judgment be DENIED.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted

by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The

state appellate court summarized the facts underlying Walker's conviction as follows:

> On October 14, 2014, the Crawford County Grand Jury indicted Appellant on eleven counts of possession of drugs. Doc. I. Counts l, 2, 3, and 6, were later amended to identify the types of drugs, and the proper levels of the offenses. Doc.18. Specifically, Count 1 altered the amount of the cocaine from 87.84 grams to 86.33, though no change to the statute or degree of the offense occurred. *Id.* Count 2 was amended to alter the name of the drug from "Ecstasy" to Benzylpiperazine without changing either the name of the offense, the statute involved .or the degree of the offense. *Id.* Count III was amended to reduce the amount of the drugs from 37 times bulk to 31 times bulk, but did not change the nature, identity, or degree of the offense. *Id.* Count 6 was amended to remove the statement that the amount of the drugs exceeded the statutory bulk amount, changed the statute from a violation of R.C. 2925.11 (A)&(C)(l )(b), which is a felony of the third degree, to a violation of R.C. 2925.11 (A)&(C)(l)(a), a felony of the fifth degree. *Id.* On April 9, 2015, Appellant entered into a plea agreement in which he entered pleas of guilty to Counts 1 and 2 with an agreed sentence of an aggregate prison term of 11 years. Doc. 20. In exchange, the State agreed to dismiss the remaining nine counts of the indictment. *Id.* The written plea agreement informed Appellant of post-release control, listed the rights that Appellant would be waiving by entering the guilty plea, and advised him of his right to appeal the sentence. *Id.* The plea agreement was signed by Appellant, the prosecutor, and Appellant's attorney. *Id.* The trial court also signed the attached judgment entry accepting Appellant's guilty plea. *Id.* The trial court then immediately imposed the agreed upon sentence. Doc. 21.

(Doc. No. 5-1, Exh. 23.)

## II. Procedural History

### A.    Trial Court Proceedings

In October 2014, a Crawford County Grand Jury charged Walker with eleven counts of

possession of drugs in violation of Ohio Rev. Code 2925.11. (Doc. No. 5-1, Exh. 1.) On

October 24, 2014, Walker entered a plea of not guilty. (Doc. No. 5-1, Exh. 2.)

On February 13, 2015, the State filed a Motion to Amend Indictment. (Doc. No. 5-1,

Exh. 3.)  Within the Motion, the State requested the indictment be amended to reflect the

following:

> Count One:  The weight of the cocaine needs to be amended to read the
> correct weight of 86.33 grams instead of 87.84 grams.
>
> Count Two:  The description and name of the drug needs to be amended to
> read the correct name of Benzylpiperazine (BZP) a schedule I stimulant
> instead of reading MDMA, 3, 4, methylenedioxy methamphetamine
> "Ectacy."[sic]
>
> Count Three:  The bulk amount needs to be amended to read 31 times bulk
> instead of 37 times bulk.
>
> Count Four:  The language "amount of Oxycodone equals or exceeds the
> bulk amount but is less than 5 times the bulk amount" needs to be deleted
> from the indictment.  The ORC section needs to be amended to ORC
> 2925.11(A)&(C)(1)(a) a felony of the 5th degree.

(*Id.*)  The state trial court granted this Motion and ordered the indictment be amended.  (Doc.

No. 5-1, Exh. 4.)

On February 12, 2015, Walker, through counsel, filed a Motion to Suppress "all evidence

obtained as the result of the traffic stop and arrest" of Walker.  (Doc. No. 5-1, Exh. 5.)  The State

filed a brief in response.  (Doc. No. 5-1, Exh. 6.)

On April 9, 2015, Walker withdrew his not guilty plea and entered a plea of guilty to

Counts One and Two.  (Doc. No. 5-1, Exh. 7.)  He was sentenced to 11 years incarceration for

Count One and eight years incarceration for Count Two, to be served concurrently, for an

aggregate sentence of 11 years.  (*Id.*)  The state dismissed the remaining nine counts.  (*Id.*)  The

state trial court journalized Walker's sentence on April 9, 2015.  (Doc. No. 5-1, Exh. 8.)

**B.      Direct Appeal**

On June 8, 2015, Petitioner, proceeding *pro se*, filed a Notice of Appeal with the Court of Appeals for the Third Appellate District ("state appellate court").  (Doc. No. 5-1, Exh. 9.)  That same date, Petitioner filed a Motion for Leave to File a Delayed Appeal and a Motion for Appointment of Counsel with the state appellate court.  (Doc. No. 5-1, Exh. 10, 11.)  The State filed a brief in response.  (Doc. No. 5-1, Exh. 12.)

On July 29, 2015, the state appellate court denied Walker's Motion for Leave to File a Delayed Appeal.  (Doc. No. 5-1, Exh. 13.)

**C.      Post-Conviction Filings**

On February 11, 2016, Walker, proceeding *pro se,* filed a Motion to Withdraw Plea of Guilty.  (Doc. No. 5-1, Exh. 14.)  Within this Motion, Walker asserted the following claims:

- Trial counsel rendered ineffective assistance of counsel;

- The trial court failed to properly impose post-release control pursuant to Ohio Revised Code 2967.28;

- The trial court erred in not advising of right to appeal pursuant to Ohio Criminal Rule 32(B);

- The trial court erred in not fully informing of compulsory process prior to acceptance of the plea; and

- The trial court lacked subject matter jurisdiction due to an invalid complaint and subsequent warrant.

(*Id*.)  The State filed a response in opposition.  (Doc. No. 5-1, Exh. 15.)

On May 13, 2016, the trial court denied Walker's Motion.  (Doc. No. 5-1, Exh 16.)  On May 23, 2016, Walker filed a *pro se* pleading captioned "Objection to Proscutor's[sic] Motion to Dismiss."  (Doc. No. 5-1, Exh. 17.)

4

On June 1, 2016, Walker filed a *pro se* Notice of Appeal with the state appellate court.

(Doc. No. 5-1, Exh. 18.)  Within his Brief, Walker raised the following assignments of error:

I.     Trial counsel rendered ineffective assistance of counsel the Six[th] Amendment guarantees the right to effective assistance of counsel in criminal prosecutions.

II.    Tyrial[sic] court failed to properly impose Po9st-Release[sic] Control pursuant to Ohio Revised Code 2967.28.

III.   Trial court errored in not advising of right to appeal pursuant to Ohio Criminal Rule 32(B).

IV.    Trial court erred in not fully informing of Compulsory process prior to acceptance of the plea.

V.     Trial court lacked Subject Matter Jurisdiction due to an invalid complaint and subsequent warrant.

(Doc. No. 5-1, Exh. 19.)  The State filed a Motion to Dismiss.  (Doc. No. 5-1, Exh. 20.)

On October 6, 2016, the state appellate court denied the State's Motion to Dismiss.

(Doc. No. 5-1, Exh. 21.)  The State subsequently filed a brief in opposition to Walker's

assignments of error.  (Doc. No. 5-1, Exh. 22.)

On January 10, 2017, the state appellate court found "the trial court failed to address the

consequences of violating post-release control at the sentencing hearing" but overruled the

remainder of Walker's assignments of error.  (Doc. No. 5-1, Exh. 23.)  In its judgment entry, the

state appellate court affirmed the judgment of the state trial court to deny Walker's Motion to

Withdraw Plea of Guilty, but remanded the matter for the "limited purpose of properly imposing

post-release control on Appellant at resentencing."  (*Id.*)

On April 13, 2017, Walker filed a *pro se* Notice of Appeal and a Motion for Leave to File

Delayed Appeal with the Supreme Court of Ohio.  (Doc. No. 5-1, Exh. 24, 25.)  The State filed a

brief in response.  (Doc. No. 5-1, Exh. 26.)

On May 31, 2017, the Supreme Court of Ohio denied Walker's Motion for Leave and dismissed the matter.  (Doc. No. 5-1, Exh. 27.)

**D.      Limited Resentencing**

On May 18, 2017, a resentencing hearing was held in the state trial court, in which Walker was represented by counsel.  (Doc. No. 5-1, Exh. 30.)  In compliance with the directives of the state appellate court, the trial court advised Walker of the conditions of his post-release control, including the consequences of any violations of his post-release control restrictions. (*Id.*)

**E.      Federal Habeas Petition**

On July 20, 2017,[1] Walker filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: Trial counsel rendered ineffective assistance of counsel
>
>> **Supporting Facts**:  Trial counsel's performance fell below an objective standard of reasonableness by failing to attach issues on the record that clearly shows there was merit for dismissal.  A void complaint and amended indictment that I was never informed about or served a copy of.  Also never informed of right to appeal and receive counsel.
>
> **GROUND TWO**:  Trial court failed to properly impose Post-Release Control pursuant to O.R.C. 2967.28.
>
>> **Supporting Facts**:  Trial court failed to notify Appellant of a

---

[1]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until August 4, 2017, Walker states that he placed it in the prison mailing system on July 20, 2017.  (Doc. No. 1 at 15.)  Thus, the Court will consider the Petition as filed on July 20, 2017.

violation of a sanction imposed by the Parole Board.

**GROUND THREE**:  Trial court erred in not advising of right to appeal pursuant to O.C.R. 32(B).

> **Supporting Facts**:  Trial court never advised appellate[sic] that he could appeal, what he could appeal or the time necessary to do so.  Also appellate[sic] wasn't ask if he wanted to appeal or granted Counsel.

**GROUND FOUR**:  Trial court erred in not fully informing of compulsory process prior to acceptance of the plea.

> **Supporting Facts**:  Ohio Criminal Rule 11(c)(2)(c) states: a court shall not accept a plea of guilty or not contest in a felony case without first addressing the defendant understands that by the plea the defendant is waiving the right to have compulsory processes for obtaining witnesses in the defendant's favor.

**GROUND FIVE**:  Trial court lacked subject matter jurisdiction due to an invalid complaint and subsequent warrant.

> **Supporting Facts**:  Lack of Jurisdiction Ohio Criminal Rule 23 states:  The complaint is a written statement of the essential facts constituting the offense charged.  It shall also state the numerical designation of the applicable statute or ordinance.  It shall be made upon oath before any person authorized by law to administer oaths.  Ohio Criminal Rule 4(A)(1) states:  If it appears from the complain, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant shall be issued by a judge, or magistrate officer authorized by law to execute or serve it.  Under Ohio law, the states' submission of a valid criminal complaint is a necessary prerequisite for invoking the subject matter jurisdiction of a trial court.  If the state filed an invalid complaint there exist[s] a jurisdictional defect which cannot be waived by a Criminal Defendant.  The state must comply with Criminal Rule 3.  Without a valid complaint, the Municipal Court was without jurisdiction to bind this case over to the Common Pleas Court.  Ohio Criminal Rule 4(A)(1) provides for the issuance of an arrest warrant following the filing of a valid complaint.  If a complaint does not establish probable cause it would have to be accompanied by an affidavit

setting forth the facts and circumstances supporting a probable cause determination.  There was no affidavit ever filed with the complaint.  Pursuant to Criminal Rule 3 and 4, an arrest warrant shall be issued only upon a written and sworn complaint.  The fourth Amendment to the U.S. Constitution and Article 1, Section 14 of the Ohio Constitution provides: the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable serches[sic] and seizures, shall not be violated, and no warrants shall be issued but upon probable cause, supporting by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.  To the 14th Amendment all due process was broken.  Jurisdiction was never properly invoked by the state due to the void complaint.  The trial court record does not contain any factual findings as to who, if anyone, administered the oath to officer/Detective Keegan for this reason the judgment of the trial court should be reversed.

Also the Appellate Court addressed the Amended indictment in the fifth ground for error.  It should be noted that the amended indictment was attached to the ineffective of counsel in the first error on appeal not in the fifth.  Appellant Court ignored the fifth error of jurisdiction and instead addressed the indictment and stated it could be amended.  So I will address this as well and I have attach[ed] a copy of the motion to amend and the judgment entry.  Trial Counsel neglected to inform and serve upon Defendant a certified copy of the Amended indictment.  Criminal Rule 7(D), which states, a Court may amend an indictment at any time provided that the amendment does not change the name or identity of the crime and charges.  Amendment that changes the penalty or degree of the offense charged changes the identity of the offense and is not permitted by Criminal Rule 7(D).  Ohio Constitution Article I section 10 states the essential facts constituting the offense tried will be found in the indictment by the Grand Jury so where those facts change and neither presented to nor considered and returned by the Grand Jury the Trial Court can find the Appellant guilty of a charge different from the Grand Jury.  I was never informed of the amendment, the changes of the charges, and did not bargain for the amendment.  A guilty plea is an admission of all the elements of a formal charge, it cannot be truely[sic] voluntary unless the defendant possesses an understanding of the law in relation to the facts.  Ohio Constitution Article I section 10 states: No person shall answer to capital or infamous crime

8

> unless presentment or indictment of a grand jury.  This
> provision guarantees accused the essential facts constitutionality
> the offense which to be tried.  Without all the essential elements
> of an offense a defendant cannot defend himself.  Also count 2
> of the charges can only be aggravated, it was neither in the
> original indictment or amended.  Trial Court erred falling to
> dismiss indictment.  The Plain error in this case was a Manifest
> Miscarriage of Justice for the second time.

(Doc. Nos. 1, 1-1.)

On November 13, 2017, Warden Lyneal Wainwright ("Respondent") filed his Return of Writ.  (Doc. No. 5.)  Walker filed a Traverse on December 27, 2017, to which Respondent filed a sur-reply on January 9, 2018.  (Doc. Nos. 6, 7.)  On October 5, 2018, Walker filed a Motion for Summary Judgment.  (Doc. No. 8.)

### III.  Analysis of the Petition

**A.     Effect of a Guilty Plea**

Respondent appears[2] to argue Walker's guilty plea constitutes a waiver of all his federal habeas claims.  (Doc. No. 5 at 16-17.)  Respondent asserts Walker "did not fairly present and exhaust a federal constitutional claim pertaining to the voluntariness of his guilty pleas in the state court" and is now foreclosed from doing so.  (*Id*. at 17.)  Respondent contends since the "state court record and transcripts support the state trial court's findings that Walker knowingly and voluntarily pled guilty," this Court should deny and dismiss the entirety of Walker's Petition.  (*Id*. at 18-19.)

Walker does not address this issue in either his Petition or Traverse.

---

[2]     Respondent does not explicitly list which of Walker's habeas claims are waived due to entering a guilty plea.  However, the Court will assume Respondent is arguing all of them are waived, as Respondent is requesting the dismissal of the entire Petition on this basis.  (*See* Doc. No. 5 at 19.)

9

As the Sixth Circuit has acknowledged, "a voluntary and unconditional guilty plea [generally] 'bars any subsequent non jurisdictional attack on the conviction.' "  *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir.2012) (quoting *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012)).  The Supreme Court has explained this is so because:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  The Supreme Court has reiterated this principle on several occasions.  *See, e.g., United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) *overruled in part on other grounds by Puckett v. U.S.*, 556 U.S. 129, 138 fn. 1, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (citing *Tollett* and other cases) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").  Thus, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth*, 692 F.3d at 495.  *See also United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir.2012).

Here, Walker entered a plea of guilty to Counts One and Two.  (Doc. No. 5-1, Exh. 7.) The remaining nine counts, Counts Three through Eleven, were dismissed.  (*Id.*)  Respondent

argues the Petition should be dismissed in its entirety on this basis of this plea.  (Doc. No. 5 at 18-19.)  The Court disagrees.  Walker's first, second, third, and fourth grounds for relief all imply[3] Walker's decision to plead guilty was not a knowing or intelligent one, and his fifth ground for relief challenges the state court's jurisdiction.  Thus, the Court finds Walker's guilty plea does not bar him from raising these claims in his federal habeas Petition.

## B.  Procedural Default

Respondent next argues all five of Walker's habeas claims are procedurally defaulted. (Doc. No. 5 at 23, 30, 34, 37, 41.)  Respondent asserts Walker failed to exhaust any potential federal constitutional claims in state court, and this procedural default precludes federal habeas relief.  (*Id.* at 23, 30, 34, 37, 41.)  With respect to Grounds Two, Three, Four, and Five, Respondent argues Walker "presents a strictly state law claim and does not raise a cognizable ground for federal habeas relief."  (*Id.* at 30, 33-34, 37, 41.)

Walker argues since there was a lack of jurisdiction and he "not informed of his right to appeal," "any motion or appeal cannot be procedural defaulted."  (Doc. No. 6 at 2.)  He asserts he has raised Sixth Amendment, Fourth Amendment, and Due Process claims but "the courts have yet to address this issue and ignored the issue of the lack of jurisdiction."  (*Id.* at 4.) Walker concludes he "cannot plead or be found guilty in a void judgment nor can it be

---

[3]     Indeed, in his first ground for relief, Walker assets his counsel was ineffective for failing to inform him of various issues with his case and indictment.  In his second ground for relief, Walker argues the trial court failed to properly inform him of the consequences for a parole violation.  In his third ground for relief, Walker argues he was not aware of his appellate rights upon entering a plea, and his fourth ground for relief, Walker contends he was not fully informed of the "compulsory process prior to the acceptance of the plea."  (*See* Doc. No. 1.)

11

procedurally defaulted."  (*Id*. at 6.)

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[4]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.

---

[4] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice."  *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002).  "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)."  *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

*Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also*

*Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*,

712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed

to exhaust state court remedies, and the remedies are no longer available at the time the federal

petition is filed because of a state procedural rule.")  This second type of procedural default is

often confused with exhaustion.  Exhaustion and procedural default, however, are distinct

concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of

the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer

available to a petitioner because he failed to use them within the required time period, procedural

default and not exhaustion bars federal court review. *Id.*  In Ohio, a petitioner is not entitled to

raise claims in post-conviction proceedings where those claims could have been raised on direct

appeal. *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have

been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state

court. To fairly present a claim to a state court a petitioner must assert both the legal and factual

basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a

"petitioner must present his claim to the state courts as a federal constitutional issue-not merely

as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A

petitioner can take four actions in his brief which are significant to the determination as to

whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon

federal cases employing constitutional analysis; (2) reliance upon state cases employing federal

constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms

sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

The Court finds each of Walker's grounds for relief are procedurally defaulted. After his conviction, Walker failed to pursue a timely direct appeal[5] with the state appellate court. (Doc. No. 5-1, Exh. 10.) Rather, Walker presented his Grounds for Relief in a *pro se* Motion to Withdraw Plea of Guilty, which the state trial court denied. (Doc. No. 5-1, Exh. 14, 16.) Walker appealed this decision, and the state appellate court reviewed the merits of his claims. (Doc. No. 5-1, 19, 23.) While the state appellate court remanded the matter for the "limited purpose of properly imposing post-release control on Appellant at resentencing," it affirmed the state trial court's denial of Walker's Motion to Withdraw Plea of Guilty. (Doc. No. 5-1, Exh. 23.)

Thereafter, Walker attempted to obtain a delayed appeal with the Supreme Court of Ohio, which the Supreme Court of Ohio summarily denied. (Doc. No. 5-1, Exh. 25, 27.) This failure to timely file an appeal resulted in procedural default.[6] The Sixth Circuit has held the Supreme

---

[5]     The Court notes Walker, in his untimely Notice of Appeal, only raised one of his five Grounds for Relief (i.e., the trial court failed to inform of his right to appeal). Thus, the first time Walker initially presented four of his five habeas claims was in his post-conviction Motion to Withdraw Plea of Guilty. (*See* Doc. No. 5-1, Exh. 14.)

[6]     Respondent argues Walker's claims are procedurally defaulted because he failed to timely file a direct appeal. (Doc. No. 5 at 41, 38, 34, 30.) However, Walker raised his arguments in a post-conviction motion to withdraw guilty plea. The state appellate court considered each of his arguments on the merits in its decision. (Doc. No 5-1, Exh. 23.) Because the state appellate court ultimately did address the merits of his claims, Walker's "failure to assert them on direct appeal did not constitute a procedural default that precludes federal habeas review." *See Rains v. Warden, Chillicothe Corr. Inst.*, 2016 WL 6136993, *9 (S.D. Ohio Oct. 20, 2016) *report and recommendation adopted by* 2016 WL 6804950 (S.D. Ohio Nov. 16, 2016).

15

Court of Ohio's unexplained entry denying a motion for leave to file a delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw*, 495 Fed. App'x 560, 565 (6th Cir. 2012) ( "[t]his court has held that violation of ... the timeliness requirements for an appeal to the Ohio Supreme Court ... constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits").  Here, because Walker did not timely appeal to the Supreme Court of Ohio and his request to file a delayed appeal was denied, the state's highest court never had the opportunity to consider the merits of Walker's claims.  Further, there is nothing in the Petition suggesting a state court remedy continues to be available to Walker to raise any of his federal habeas grounds for relief.  Thus, the Court finds Walker's grounds for relief[7] are procedurally defaulted.

Moreover, Walker has failed to demonstrate either cause or prejudice sufficient to overcome the procedural default.  Walker has suggested he did not timely file an appeal with the Supreme Court of Ohio because he was waiting for the matter to be "remanded back to the trial court."  (Doc. No. 5-1, Exh. 25.)  However, the state appellate court had affirmed the decision of

---

[7]     Additionally, the Court finds Ground Two is procedurally defaulted because Walker did not present this claim to the state trial court or the state appellate court as a federal constitutional issue; instead, he presented it as a violation of state law. (*See* Doc. No. 5-1 at 57-58; 93-95.)  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (a "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law[,]" quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.1984)).  Even within his Traverse, Walker does not provide any authority or argument under federal law for relief under Ground Two.  A claim based solely on an error of state law cannot be redressed through the federal habeas process.  *Greer v. Mitchell,* 264 F.3d 663, 675 (6th Cir.2001).

the state trial court to deny his Motion to Withdraw Plea of Guilty.  (Doc. No. 5-1, Exh. 23.)

While the state appellate court did remand the matter for the "limited purpose of properly

imposing post-release control," its judgment entry affirming the decision of the trial court was

final.  (*Id*.)  There was no stay of appellate proceedings in order for the trial court to resolve the

issue of post-release control.  Thus, Walker had forty-five days to file an appeal with the

Supreme Court of Ohio, but failed to successfully do so.  *See* Ohio S.Ct. Prac. R. 6.01.  Walker's

*pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient

bases to excuse his procedural default.  *Bonilla*, 370 F.3d at 498.

Moreover, Walker cannot argue he failed to file a timely appeal due to the ineffective

assistance of counsel because did not have the right to counsel in his discretionary appeal to the

state supreme court.  *Halbert v. Michigan*, 545 U.S. 605, 628 (2005).  Thus, any ineffective

assistance which may have prevented him from filing a timely appeal to the state supreme court

cannot constitute cause to excuse the procedural default.  *Gulertekin v. Tinnelman–Cooper*, 340

F.3d 415, 425 (6th Cir.2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752–53, 111 S.Ct.

2546, 115 L.Ed.2d 640 (1991).

Finally, Walker has not provided any argument regarding the actual innocence exception.

While Walker references a "manifest miscarriage of justice," he has not provided any evidence

to establish his innocence.  (*See* Doc. No. 1-1 at 4.)  Absent new evidence of innocence, "even

the existence of a concededly meritorious constitutional violation is not in itself sufficient to

establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred

claim."  *Schlup*, 513 U.S. at 316.

Accordingly, and in light of the above, it is recommended the Court find Walker's claims

17

are procedurally defaulted and the Petition be DISMISSED.

## C. Review on the Merits

In addition to being procedurally defaulted, Walker's grounds for relief are also without

merit. This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).

The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the State
>> court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the

dicta) of the United States Supreme Court. *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct.

2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010);

*Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v.*

*Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.

2005). Indeed, the Supreme Court has indicated that circuit precedent does not constitute

"clearly established Federal law, as determined by the Supreme Court." *Parker*, 567 U.S. at 48-

49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012). *See also Lopez v.*

*Smith*, ––– U.S. –––, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.' " (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  *See also Shimel*, 838 F.3d at 695.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks

omitted).  The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 785.  The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal."  *Id*. (internal quotation marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged.  *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### 1.    Ground One – Ineffective Assistance of Counsel

In his first ground for relief, Walker argues his trial counsel was ineffective because he failed to (1) "attach issues on the record that clearly shows there was merit for dismissal" and (2) inform Walker of his right to appeal and receive counsel.  (Doc. No. 1 at 5.)  Respondent maintains the state appellate court considered this claim on collateral appeal and reasonably rejected it.  (Doc. No. 5 at 27.)

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's

20

defense to such an extent that it rendered the proceeding unfair.  *Id.*  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy.  *Id.* at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

As explained by the United States Supreme Court:

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (U.S.2011);

*accord Kennedy v. Warren*, 428 Fed. App'x 517, 520 (6th Cir. May 3, 2011); *accord Phillips v.*

*Sheldon,* 2014 WL 185777 at * 14-15 (N.D. Ohio Jan. 16, 2014).

Walker raised this claim in his Motion to Withdraw Plea of Guilty to both the state trial

court and the state appellate court.  (Doc. No. 5-1, Exh. 14, 19.)  The state appellate court

rejected this claim as follows:

> A review of the record in this case has shown that there were no prejudicial
> errors made by counsel during the proceedings.  Appellant was originally
> charged with 11 counts.  Counsel assisted Appellant in reaching a plea
> agreement with the State which resulted in conviction on only two of the
> counts with the remaining counts dismissed and an agreed sentence of eleven
> years.  In the plea agreement, Appellant indicated that he was "satisfied with
> [his] attorney's advice and competence."  Doc. 20 at 2.  The only error found
> in this case was one by the trial court which will be rectified.  Thus,
> Appellant has suffered no prejudice.  Having found no substantial violation
> or prejudice, counsel was not denied the effective assistance of counsel.  The
> first assignment of error is overruled.

(Doc. No. 5-1, Exh. 23.)

The Court finds the state appellate court's determination that defense counsel's

representation was not ineffective was neither contrary to nor an unreasonable application of

clearly established federal law.  As an initial matter, Walker has offered no evidence, beyond his

own assertions, his counsel did not provide him with information on his appellate rights.

Moreover, these assertions are in conflict with both the plea agreement and the testimony at the

sentencing hearing.  Indeed, within his written plea, Walker specifically acknowledged his

"other limited appellate rights and that any appeal must be filed within 30 days of my sentence."

(Doc. No. 5-1, Exh. 7.)  Both Walker and his counsel signed directly below this

acknowledgment.  (*Id.*)  At the change of plea/sentencing hearing, Walker relayed to the state

trial court he was aware of his limited appeal rights due to it being an agreed sentence.  (Doc.

22

No. 1-2 at 12.)  Thus, the Court finds this portion of Walker's claim has no merit.

Walker also attempts to argue his counsel "allowed defendant to be tried by indictment not returned by a grand jury."  (Doc. No. 6 at 2.)  It appears Walker is referencing the fact his indictment had been amended following the grand jury's return of indictment.  (Doc. No. 5-1, Exh. 1, 4.)  Under Ohio Law, an trial court may amend an indictment at any time provided the amendment does not change "the name or identity of the crime charged."  *See* Ohio Crim. R. 7(D).  A comparison between the amended indictment and the indictment issued by the grand jury reveals minimal changes to the indictment, with the names and relevant O.R.C. sections of the crimes remaining the same for all but one count.  (*See* Doc. No. 5-1, Exh. 1, 4.)  Moreover, as the state appellate court remarked, Walker's counsel was able to negotiate a plea agreement with the state, in which the state dismissed nine of the eleven counts against Walker.  Walker's counsel may have made the strategic decision not to object to the amended indictment in order to secure this plea deal.  This significant accomplishment by trial counsel does not establish conduct so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  *See Strickland*, 466 U.S. at 694.

Walker also fails to establish prejudice under the second prong of *Strickland*; i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Indeed, even if defense counsel objected to the minimal amendments to the indictment, they were expressly permitted under Ohio law.  Thus, Walker cannot establish a "reasonable probability" the result would have been different.  The state appellate court was not unreasonable in concluding Walker was not

denied the effective assistance of counsel.

Accordingly, the Court recommends Walker's First Ground for Relief be denied.

### 2. Ground Two – Post Release Control

As noted *supra,* Walker did not present this claim to the state trial court or the state

appellate court as a federal constitutional issue; instead, he presented it as a violation[8] of state

law. (*See* Doc. No. 5-1 at 57-58; 93-95.) *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.

2006) (a "petitioner must present his claim to the state courts as a federal constitutional

issue—not merely as an issue arising under state law[,]" quoting *Koontz v. Glossa*, 731 F.2d 365,

368 (6th Cir.1984)). Even now, before this Court, Walker does not provide any authority or

argument under federal law for relief under Ground Two. A claim based solely on an error of

state law cannot be redressed through the federal habeas process. *Greer v. Mitchell,* 264 F.3d

663, 675 (6th Cir.2001).

Accordingly, the Court recommends Walker's Second Ground for Relief by denied.

### 3. Ground Three – Right to Appeal

In his third ground for relief, Walker argues the trial court erred in not advising him of

his right to appeal, pursuant to Ohio Crim. R. 32(B). (Doc. No. 6 at 3.) He asserts "appeal

right[s] must be disclosed and explained in open court at the plea and sentencing." (*Id*.) Walker

---

[8] The Court notes the state appellate court did remand Walker's case to the state trial court for a limited re-sentencing, in order to comply with the O.R.C. provision regarding informing a defendant about his post-release control. (Doc. No. 5-1, Exh. 23.) The state trial court complied with the remand order and held a limited resentencing hearing in May 2017. (Doc. No. 5-1, Exh. 30.) Walker did not attempt to appeal this re-sentencing order. Therefore, in addition to ground two being solely based upon state law, it is moot, as the state trial court addressed any deficiencies in its sentencing upon remand.

notes Ohio law "requires the Court to advise Defendants' of [their] limited right to appeal a maximum sentence and procedural issues regarding [their] plea." (*Id*.)

Respondent maintains "Walker's third relief ground presents a strictly state law claim and does not raise a cognizable ground for federal habeas relief." (Doc. No. 5 at 33, 34.) Respondent argues there is no basis for a due process violation because Walker acknowledged his appellate rights on his signed guilty plea form and at the change of plea hearing. (*Id.* at 36.)

Walker raised this claim in his Motion to Withdraw Plea of Guilty to both the state trial court and the state appellate court. (Doc. No. 5-1, Exh. 14, 19.) The state appellate court rejected this claim as follows:

> Appellant claims in the third assignment of error that the trial court erred  in not advising Appellant of the right to appeal.  After imposing a sentence in a serious offense, the trial court is to advise  a defendant of his right to appeal the sentence imposed.  Crim.R. 32(B)(2).  The remedy for failing to advise of a right to appeal is to allow a direct appeal.  *State v. Seaunier*, 3d Dist. Union No. 14-10-12, 20ll-Ohio-658, ¶14.  This court notes that although the judgment entry of sentencing does not address the right to appeal, the plea agreement does.  The agreement states that Appellant "understand[s] my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of [his] sentence." Doc. 20. At 3.  Appellant signed right under that statement.  Appellant then filed a motion for a delayed appeal on June 8, 2015.  Doc. 25.  This motion was overruled based upon the fact that Appellant entered a guilty plea with an agreed sentence which was then imposed by the trial court.  Doc. 29.  An agreed sentence is not subject to review if both the State and the defendant agree to the sentence, the trial court imposes the agreed sentence and the sentence is authorized by law.  *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-l, ¶16, 922 N.E.2d 923.  Additionally, the failure to advise one of the right to appeal is not grounds for reversing a denial of a motion to withdraw a guilty plea "because such an error bears no relation to the voluntary, knowing, and intelligent nature of his pleas." *State v. Thomas*, 3d Dist. Mercer No. 10-10-17, 2011-Ohio-4337, ¶12.  For the above reasons, the third assignment of error is overruled.

(Doc. No. 5-1, Exh. 23.)

To the extent Ground Three asserts a violation of Ohio law, the Court agrees with Respondent it is not cognizable on federal habeas review.  It is well-established that, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  As such, the Supreme Court has explained "it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions."  *Id*. at 67-68.  *See also Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001).  Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider a claim the state trial court violated Ohio. Crim. R. 32(B).  Indeed, a state court's alleged failure to follow its own rules is not cognizable in a habeas action unless those failures violate due process.  *Henton v. Miller*, 2017 WL 9672556, *9 (N.D. Ohio Apr. 6, 2017).  *See also Carlton v. Harris*, 2017 WL 6417066, *3 (N.D. Ohio Dec. 15, 2017) (finding what is considered a valid judgment entry under Ohio. Crim. R. 32 to be a question of Ohio law, not federal constitutional law.).

To the extent Walker asserts a federal due process violation based on the fact the trial court did not "disclose and explain" his appeal rights at his sentencing hearing, the Court finds this argument likewise to be without merit.  The Sixth Circuit has noted there is no clearly established federal law "for the proposition that a trial court has a positive duty to inform defendants who stipulate to sentences how" this will limit their appellate rights.  *Butler v. Warden, Lebanon Corr. Inst.*, 483 Fed. App'x 102, 109 (6th Cir. May 23, 2012).  *See Thompson v. Sheets*, 2009 WL 2176050, at *1–3 (N.D. Ohio July 21, 2009) (finding no due process violation because "the trial court did not have a duty to inform Petitioner of any right to appeal

26

his stipulated sentence"); *Caraballo v. Bracy,* 2018 WL 3640202, *6 (N.D. Ohio June 12, 2018) ("courts within this circuit applying Ohio law have found there can be no due process violation based on a trial court's failure to inform, if there was no underlying right to appeal.").

Here, as the state appellate court noted, Walker entered into an agreed sentence, which limited his right to appeal.  The state court record indicates that, on his written plea form, Walker specifically acknowledged he understood "my other limited appellate rights."  (Doc. No. 5-1, Exh. 7.)  In addition, at the change of plea hearing, the state trial court discussed Walker's appellate rights with him:

> THE COURT: You understand that this is technically an agreed sentence so you're gonna have very limited appeal rights; do you understand that, sir?
>
> WALKER: Yes, sir.

(Doc. No. 1-2 at 12.)  While the state trial court did not explicitly list Walker's limited appellate rights, Walker indicated he understood them.  Moreover, Walker has not identified any clearly established federal law demonstrating his due process rights were violated under these circumstances.  *See Caraballo*, 2018 WL 3640202 at *11 ("Therefore, he can show no prejudice from the failure of the trial court (or trial counsel) to inform him of his non-existent appellate rights.").

Accordingly, and for all the reasons set forth above, the Court finds Ground Three is without merit and should be dismissed.

### 4.    Ground Four – Compulsory Process

In his fourth ground for relief, Walker argues the trial court erred "in not fully informing [him] of compulsory process prior to acceptance of the plea," in violation of Ohio Crim. R. 11.

27

(Doc. No. 6 at 3.)  Walker maintains the federal and state constitutions guarantee "rights essential to a fair trial" and appears to argue this right was violated when the state trial court did not properly explain what Walker was giving up upon entering a plea.  (*Id.* at 3-4.)

Respondent maintains the "alleged Ohio Crim. R. 11 violation presents a strictly state law claim and does not raise a cognizable ground for federal habeas relief."  (Doc. No. 5 at 37.) Respondent argues there is no basis for a due process violation because Walker "signed a guilty plea form below an explicit averment that he understood that he was giving up his right to confront, question adverse witnesses, and compel favorable witnesses" and then re-affirmed this understanding at his change of plea/sentencing hearing.  (*Id.* at 40.)

Walker raised this claim in his Motion to Withdraw Plea of Guilty to both the state trial court and the state appellate court.  (Doc. No. 5-1, Exh. 14, 19.)  The state appellate court rejected this claim as follows:

> The fourth assignment of error alleges that the trial court erred by failing to inform Appellant of his right  to compulsory service.  Criminal Rule ll(C)(2)(c) requires a trial court to inform the defendant of his right to have compulsory process for obtaining witnesses prior to accepting a guilty plea. Although we do not know what happened at the plea hearing due to the fact that no transcript was provided by Appellant , we do know that Appellant was informed of this right in the written plea agreement signed by Appellant.
>
> **I understand by pleading, I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me.**
>
> Doc. 20 at 3.  As there is evidence in the record that indicates that Appellant was informed of his right to compulsory process and we must presume the regularity of the proceedings at the plea hearing, the fourth assignment of error is overruled.

(Doc. No. 5-1, Exh. 23.) (emphasis in original)

28

Construing Walker's *pro se* Petition liberally, it appears Walker is arguing his guilty plea was not entered into knowing, intelligently and voluntarily due to the state trial court's failure to explain the consequences of his guilty plea. To this extent, such an argument is cognizable under federal law. It is well-settled a guilty plea must be entered knowingly, intelligently, and voluntarily, without coercion, in order to be considered valid. *See Bousley v. United States*, 523 U.S. 614, 618 (1998); *Brady v. United States*, 397 U.S. 742, 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When a defendant waives his rights by entering a guilty plea, the record must clearly show the defendant had an understanding of the consequences of the plea and the constitutional rights being waived. *Boykin*, 395 U.S. at 243-44.

Consistent with this Supreme Court precedent, Ohio Criminal Rule 11(C) requires the trial court to review the following constitutional rights a defendant is waiving by pleading guilty: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; (5) and the right to require the state to prove guilt beyond a reasonable doubt. Ohio Crim. R. 11(C). *See also Collins v. Shoop*, 2018 WL 3490735, *3 (N.D. Ohio July 20, 2018). Under Ohio Criminal Rule 11, the state trial court is also required to determine the defendant "is making the plea voluntarily and understands the charges against him, his possible sentence, and the effect of pleading guilty." *Collins*, 2018 WL 3490735 at *3.

The state appellate court's determination Walker was properly informed of his right to compulsory process is not unreasonable or contrary to clearly established federal law. The state court record indicates the plea form Walker signed contained the following language:

> I understand by pleading, I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me,

and where I could use the power of the court to call witnesses to testify for me.  I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify.  I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.

***

I enter this plea voluntarily.

(Doc. No. 5-1, Exh. 7.)  Walker and his counsel signed directly below this provision.  (*Id.*)

Moreover, a review of the plea hearing transcript indicates the trial court ensured Walker had a full understanding of his plea and the consequences associated therewith.  Indeed, during the plea hearing, the following exchange occurred:

| | |
|---|---|
| THE COURT: | Have any threats been made to you to take this agreement? |
| WALKER: | No. |
| THE COURT: | Any promises except what's part of this agreement that we've talked about? |
| WALKER: | No. |
| THE COURT: | You understand that this is technically an agreed sentence so you're gonna have very limited appeal rights; do you understand that, sir? |
| WALKER: | Yes, sir. |
| THE COURT: | And by pleading you're giving up your right to have a full jury trial in which 12 people would have to unanimously find you guilty before you can be found guilty.  You're giving up your right to use the subpoena power of the court to summon witnesses for you; waiving your right to cross-examine the State's witnesses; waiving your right to have the State prove your guilt beyond any reasonable doubt.  At this trial you would not have had to testify against yourself and no one could comment on that fact; do you understand |

|  |  | that? |
|---|---|---|
| WALKER: | | Yes, sir. |
| THE COURT: | | Mr. Starkey, are you satisfied that your client's entering this plea knowingly, intelligently, and voluntarily? |
| DEFENSE ATTY: | | Yes, your honor. |
| THE COURT: | | Do you feel like you've had sufficient enough time to talk to your client about this matter? |
| DEFENSE ATTY: | | Yes.  And we appreciate the time that the Court's given us this morning to do that.  It was a very serious decision for him to make. |
| THE COURT: | | Not a problem.  I want to make sure that this is an informed decision. |

(Doc. No. 1-2 at 11-13.)  Based on the foregoing, the Court finds no basis for Walker's argument

he was unaware of the consequences of his guilty plea.

In his Traverse, Walker acknowledges the state trial court informed he was giving up his

right to subpoena power.  (Doc. No. 6 at 4.)  However, Walker argues the state trial court did not

explain to Walker "what that means."  (*Id*.)  Regardless, Walker indicated on the record he

understood he was waiving this right.  (Doc. No. 1-2 at 12.)  Further, Walker has not provided,

and this Court has not found, legal authority supporting his argument a trial court must provide a

layman's definition of subpoena power in order to ensure a valid guilty plea.  A guilty plea is

valid under Supreme Court precedent if the record affirmatively demonstrates it was entered

knowingly, intelligently, and voluntarily, with an understanding of the consequences of the plea

and the constitutional rights being waived.  *Boykin*, 395 U.S. at 242-44.  Here, Walker's

assertion the state trial court did not inform him of the rights he was waiving is in direct

31

contradiction with the change of plea hearing transcript.[9]

Accordingly, and for all the reasons set forth above, the Court finds Ground Four is without merit and should be dismissed.

### 5.       Ground Five – Invalid Complaint/Amended Indictment

In his fifth ground for relief, Walker asserts the state trial court lacked jurisdiction because the criminal complaint was not valid under Ohio Criminal Rule 4(A).  (Doc. No. 6 at 5, Doc. No. 1-1 at 1, 2.)  He also asserts he was denied due process of law when the indictment was amended without resubmission to a grand jury.  (Doc. No. 6 at 5-6.)

Respondent maintains the trial court's "subject matter jurisdiction is strictly a state law issue that does not present a cognizable ground for federal habeas relief."  (Doc. No. 5 at 41.)  Respondent also argues as the indictment provided "sufficient notice of the charges" Walker's federal constitutional rights were not violated.  (*Id*. at 44.)

Walker raised this claim in his Motion to Withdraw Plea of Guilty to both the state trial court and the state appellate court.  (Doc. No. 5-1, Exh. 14, 19.)  The state appellate court rejected this claim as follows:

> Appellant alleges in the fifth assignment of error that the original complaint was invalid.  Appellant argues that the trial court erred in amending the indictment.  This court notes that at no time prior to the current motion to

---

[9]     Walker complains the Respondent improperly failed to include the transcripts and several other court filings in the habeas record, particularly the transcript of the change of plea/sentencing hearing.  (Doc. No. 6 at 6)  However, as Respondent correctly notes, Walker attached a copy of the change of plea/sentencing hearing as an Exhibit to his Petition.  (*See* Doc. No. 7 at 3.)  As for the other filings Walker contends are "missing," the Rules Governing Section 2254 Cases do not require Respondent to file every document contained in the state court record.  *See* 28 U.S.C.A. Foll. §2254, Appx. B, Rule 5.

withdraw his guilty plea was this issue raised.  "[T]he failure to raise any
objections based on defects in the indictment (or its specification) prior to
trial results in a waiver of these defenses or objections."  *State v. Schmidt*, 3d
Dis. Seneca  No. 13-13-07, 2014-Ohio-758, ¶7, 9 N.E.3d 458.  Additionally,
this court notes that the amendments to the first and second counts of the
indictment, for which Appellant was convicted, did not result in a change to
either the identity or nature of the charges.  Thus, Criminal Rule 7(D)
permits the amendment.  The fifth assignment of error is overruled.

(Doc. No. 5-1, Exh. 23.)

To the extent Walker argues the state trial court did not have jurisdiction due to alleged

deficiencies[10] in the criminal complaint, the Court agrees with Respondent this claim is not

cognizable on federal[11] habeas review.  The Sixth Circuit has held "[d]etermination of whether a

state court is vested with jurisdiction under state law is a function of the state courts, not the

federal judiciary."  *Wills v. Egler*, 532 F.2d 1058, 1059 (6th Cir.1976).  *See Jackson v. Sloane*,

2014 WL 4472623, *12 (N.D. Ohio Sept. 10, 2014)(finding a state court's determination of its

own jurisdiction is an issue of state law); *Boyce v. Burt*, 2018 WL 1326274, *2 (6th Cir. Feb. 14,

2018).  *See also Childs v. Jackson*, 2017 WL 7172505, *2 (E.D. Mich. Nov. 13, 2017)

(concluding a Petitioner's arguments a trial court lacked jurisdiction because the complaint was

defective due to a failure to follow state rules do not provide a basis for habeas relief); *Nelson v.*

*Jackson*, 2017 WL 5624278, *2 (6th Cir. July 17, 2017)(finding where the state trial court and

---

[10]    Walker also argues he was improperly bound over from the municipal court.  (Doc.
No. 6 at 5.)  Assuming, *arguendo,* the bindover was defective, this violation of
Walker's state statutory rights does not give rise to federal habeas relief.  *See Tegeler*
*v. Renico*, 253 Fed. App'x 521, 525 (6th Cir. Nov. 1, 2007).

[11]    Walker asserts this allegedly defective complaint violated the Fourth Amendment.
(Doc. No. 6 at 5.)  However, because Walker only challenges the criminal complaint,
and "does not identify any ill-gotten incriminating evidence," this argument fails.
*See Nelson v. Jackson*, 2017 WL 5624278, *2 (6th Cir. July 17, 2017).

33

the state appellate court found the complaint were sufficient to confer jurisdiction, a review of this jurisdiction "is outside the purview of this court.").

As for Walker's arguments regarding his indictment, the sufficiency of an indictment cannot be reviewed in federal habeas corpus proceedings. *Knewel v. Egan*, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); *see also Burrows v. Engle*, 545 F.2d 552 (6th Cir.1976); *Lewis v. LaRose,* 2017 WL 9485642, *14 (N.D. Ohio Sept. 21, 2017). The Sixth Circuit has held an indictment must provide a defendant with sufficient notice of the charges against him in order to enable him to defend himself, but beyond this notice, "a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir.2002). Indeed, "[a]n indictment which fairly but imperfectly informs the accused for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986).

As noted by the state appellate court, Walker's indictment was amended in accordance with Ohio Crim. R. 7(D), as the amendment "did not result in a change to either the identity or nature of the charges." (Doc. No. 5-1, Exh. 23.) The state appellate court's decision is not contrary to, or an unreasonable application of, clearly established federal law. A comparison of the amended indictment and the indictment issued by the grand jury reveals minimal changes to the indictment, with the names and relevant O.R.C. sections of the crimes Walker ultimately plead guilty to remaining the same. (*See* Doc. No. 5-1, Exh. 1, 4.) Thus, Walker received proper notice of the charges against him and, even with the amendment, did not have a diminished ability to defend himself.

Accordingly, and for all the reasons set forth above, the Court finds Ground Five is

without merit and should be dismissed.

**D.        Motion for Summary Judgment**

The Court notes Walker has filed a Motion for Summary Judgment, asserting Respondent "has not addressed all legal issues."  (Doc. No. 8 at 1.)  Within this Motion, Walker reiterates his arguments regarding the amended indictment and lack of jurisdiction.  (*Id*.)  As the Court is finding all of Walker's grounds for relief to be both procedurally defaulted and without merit, it is recommended this Motion be DENIED.

**V. Conclusion**

For all the reasons set forth above, it is recommended that the Petition be DISMISSSED and Walker's Motion for Summary Judgment be DENIED.  (Doc. No. 8.)

Date:   October 29, 2018                                *s/ Jonathan D. Greenberg*
                                                        Jonathan D. Greenberg
                                                        United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**