UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JARELL R. WALKER, | CASE NO. 1:17CV1640 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| | MAGISTRATE JUDGE GREENBERG |
| vs. | |
| | **ORDER AND DECISION** |
| LYNEAL WAINRIGHT, Warden, | |
| Marion Correctional Institution, | |
| Respondent. | |

This matter is before the Court on objections filed by Petitioner, Jarell R. Walker, to the Magistrate Judge's Report and Recommendation ("R&R") filed on October 29, 2018. (Doc. 10). For the following reasons, Petitioner Walker's objections are OVERRULED. This Court ADOPTS the R&R of the Magistrate Judge (Doc. 9) and DISMISSES the petition for habeas corpus filed pursuant to 28 U.S.C. §2254.

The R&R adequately states the factual and procedural background in this case. Walker has not demonstrated error in that background. As such, the Court will not reiterate that section herein.

## I.   STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

## II. LAW AND ANALYSIS

It is undisputed that Walker attempted to obtain a delayed appeal with the Supreme Court of Ohio, which the Supreme Court summarily denied. The Magistrate Judge found that this denial, in addition to the fact that nothing in Walker's Petition suggests that a state court remedy continues to be available to Walker to raise any of his federal habeas grounds for relief, results in a procedural default of his grounds for relief. Moreover, the Magistrate Judge found that Walker has failed to demonstrate either cause or prejudice sufficient to overcome the procedural default.

The Magistrate Judge further concluded that, in addition to being procedurally defaulted, Walker's grounds for relief lack merit under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For these reasons, the Magistrate recommended that the Petition be dismissed.

The Magistrate Judge also noted in the R&R that Walker has filed a motion for summary judgment (Doc. 8). Within this motion, Walker reiterates arguments about the amended indictment and lack of jurisdiction set forth in his Petition. Because the Magistrate found all of Walker's grounds for relief to be both procedurally defaulted and without merit, the Magistrate Judge recommended that the motion for summary judgment be denied.

Walker filed objections to the R&R, and the Warden responded. The objections lack merit, for at least a couple of reasons.

First, Walker's objections are untimely. The R&R was filed and mailed to Walker on October 29, 2018. The R&R specifically advised Walker that he had a right to object, that any objection had to be filed within 14 days of service, and that failure to file objections within the specified time may waive the right to appeal. Pursuant to Fed. R. Civ. P. 5(b)(2)(C), service by mailing is "complete upon mailing." Consequently, Walker's objections were due on November

13, 2018. *See* Fed. R. Civ. P. 6(a)(1). Walker did not file his objections until November 28, 2018. Walker cannot benefit from the prison mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 274 (1988), because his pleading does not contain a certificate of service or statement of mailing. Regardless, Walker's objections are dated November 22, 2018 and they would have been late even under the prison mailbox rule. Accordingly, Walker has waived subsequent review of the R&R by this Court and the Sixth Circuit Court of Appeals. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), *citing Thomas v. Arn*, 474 U.S. 140, 147-150 (1985). He has not established any of the limited circumstances under which this Court might be compelled to excuse his waiver. *See Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016); *In re Morris*, 260 F.3d 654, 664 (6th Cir. 2001). As such, this Court overrules Walker's objections.

Further, Walker's objections merely repeat and summarize previous arguments that the Magistrate Judge has already considered and properly rejected. Notably, Walker did not specifically object to the Magistrate Judge's accurate and dispositive finding that "each of Walker's ground for relief are procedurally defaulted, [and] in addition to being procedurally defaulted, Walker's grounds for relief are also without merit." "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same effect as a failure to object. *Id*. Because Walker merely repeated and restated previous arguments, and did not state any specific objection to the Magistrate Judge's dispositive findings, his objections are overruled.

,

**III.    CONCLUSION**

Walker failed to file timely objections to the Magistrate's R&R and also failed to object in the sense that he merely reiterated previous arguments, without pinpointing substantive mistakes of law or fact in the R&R. Accordingly, he has not met his burden to establish that the R&R is clearly erroneous or contrary to law. Accordingly, Walker's objections are OVERRULED. The Court ADOPTS the R&R of the Magistrate Judge. The Petition for Habeas Corpus is DISMISSED, and the motion for summary judgment is DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: 4/15/19                                    */s/ John R. Adams*_____
                                                           John R. Adams
                                                           UNITED STATES DISTRICT JUDGE